# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14 C 8891 ) |
| **ALSIP ACQUISITION, LLC**, d/b/a **FUTUREMARK ALSIP** and d/b/a **FUTUREMARK PAPER COMPANY**, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Counsel for Norfolk Southern Railway Company ("Norfolk Southern") has delivered to this Court's chambers a copy of the Complaint that Norfolk Southern has filed against a defendant identified in the caption and the body of the Complaint as "Alsip Acquisition, LLC, d/b/a Futuremark Alsip and d/b/a Futuremark Paper Company." Because Norfolk Southern predicates the existence of federal subject matter jurisdiction on diversity-of-citizenship grounds, and because at this point the Complaint's allegations have not established such diversity, plaintiff's counsel are ordered to file an amendment to the Complaint on or before November 26, 2014 to cure that deficiency.

As the case caption and text indicate, Alsip Acquisition, LLC ("Alsip") is a limited liability company,[1] as to which the caselaw in this circuit consistently teaches the message

---

[1] Both of the nominal defendants appear, from their "d/b/a" designations, not to be suable legal entities.

succinctly stated (for example) in Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006):

> The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.

All that the Complaint alleges as to "Futuremark" (the shorthand term employed to denote defendant Alsip) is this:

> 2. Defendant Futuremark is a corporation organized and existing under the laws of Delaware, with its principal place of business in Alsip, Illinois.
>
> 3. Futuremark is a subsidiary of Watermill-Alsip Partners, LP, which in turn is a subsidiary of The Watermill Group, both of which are entities organized under the laws of the state of Delaware, with principal places of business in Massachusetts.

But Complaint ¶ 2 identifies facts -- Alsip's state of organization and its principal place of business -- that are simply jurisdictional irrelevancies. And as to Complaint ¶ 3, it is difficult to understand what is meant by describing "Futuremark" as "a subsidiary of Watermill-Alsip Partners, LP" and to describe the latter as "a subsidiary of The Watermill Group." As for any LP, the shorthand for a limited partnership, the jurisdictional principle is identical to that of a limited liability company: Its relevant citizenship is that of all partners and not that of the partnership (see, e.g., Smart v. Local 702 Int'l Bhd. of Elec. Workers, 562 F.3d 798, 803 (7th Cir. 2009)).

So the bottom line is that Norfolk Southern's counsel must identify all of the members (and the citizenship of all of the members) of both Alsip itself and Watermill-Alsip Partners, LP (and perhaps of The Watermill Group as well). As to each of those, what Complaint ¶ 3 recites are also jurisdictional irrelevancies.

If a timely amendment to the Complaint is filed or before November 26, this Court will be able to determine whether or not the requisite diversity of citizenship exists. In the absence of such a timely amendment, however, this Court would be constrained to dismiss this action for lack of federal subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 17, 2014